

**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

---

*Federal Courthouse*
*17 South Park Row*
*Room A330*
*Erie, Pennsylvania 16501*                814/452-2906

July 28, 2005

Thomas W. Patton, Assistant
Federal Public Defender
1111 Renaissance Centre
1001 State Street
Erie, Pennsylvania  16501

Re:   United States of America v.
      LYNDA LORRAINE WOODS
      Criminal No. 04-54 Erie



Dear Mr. Patton:

This letter sets forth the agreement by which your client, LYNDA LORRAINE WOODS, will enter a plea of guilty in the above-captioned case.  The letter represents the full and complete agreement between LYNDA LORRAINE WOODS and the United States Attorney for the Western District of Pennsylvania.  The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, LYNDA LORRAINE WOODS will be sentenced under the Sentencing Reform Act, 18 U.S.C. §3551, et seq. and 28 U.S.C. §991, et seq.  The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence.  The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States Court by a preponderance of the evidence.

    A.   The defendant, LYNDA LORRAINE WOODS, agrees to the following:

         1.   She will enter a plea of guilty to Count One of the Superseding Indictment at Criminal No. 04-54 Erie, charging her with violating Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

**LIMITED OFFICIAL USE**

July 28, 2005
Page 2

2. She acknowledges her responsibility for the conduct charged in Counts Two through Seven of the Superseding Indictment at Criminal No. 04-54 Erie and stipulates that the conduct charged in those Counts may be considered by the Probation Office or by the Court in imposing sentence.

3. If the Court imposes a fine or restitution as part of a sentence of incarceration, LYNDA LORRAINE WOODS agrees to participate in the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which 50% of her prison salary will be applied to pay the fine or restitution.

4. At the time LYNDA LORRAINE WOODS enters her plea of guilty, she will deposit a special assessment of $100 in the form of cash, or check or money order payable to "Clerk, U.S. District Court". In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

5. LYNDA LORRAINE WOODS waives the right to take a direct appeal from her conviction or sentence under 28 U.S.C. §1291 or 18 U.S.C. §3742, subject to the following exceptions:

    (a) If the United States appeals from the sentence, LYNDA LORRAINE WOODS may take a direct appeal from the sentence.

    (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code; (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines; (3) the district court erroneously applied the six level increase in the adjusted offense level in U.S.S.G. § 2D1.1(b)(6)(C) for creating a substantial risk of harm to the life of a minor; or (4) the district court erroneously applied the two level increase in the adjusted offense level in U.S.S.G. § 3B1.4 for the use or attempted use of a minor to commit the offense, or avoid detection of, or apprehension for, the offense, LYNDA LORRAINE WOODS may take a direct appeal from the sentence.

July 28, 2005
Page 3

      (c) As a condition of her guilty plea, LYNDA LORRAINE WOODS may take a direct appeal from her conviction limited to the following issue: whether the district court properly denied her motion to suppress the evidence obtained as the result of the execution of a search warrant at her residence in October 2004. If LYNDA LORRAINE WOODS takes a direct appeal raising this issue and prevails in the appeal, she may withdraw her plea of guilty. If she does not take a direct appeal or does not prevail in the appeal, the plea of guilty shall stand.

   The foregoing reservations of the right to appeal on the basis of specified issues do not include the right to raise issues other than those specified.

   LYNDA LORRAINE WOODS further waives the right to file a motion to vacate sentence, under 28 U.S.C. §2255, attacking her conviction or sentence, and the right to file any other collateral proceeding attacking her conviction or sentence.

B. In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

   1. After the imposition of sentence, the United States Attorney will move to dismiss the remaining Counts of the Superseding Indictment at Criminal No. 04-54 Erie, without prejudice to their reinstatement if, at any time, LYNDA LORRAINE WOODS is permitted to withdraw her plea of guilty. In that event, LYNDA LORRAINE WOODS waives any double jeopardy, statute of limitations, speedy trial, or similar objections to the reinstatement of the Counts dismissed pursuant to this agreement.

   2. The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of LYNDA LORRAINE WOODS in the offenses charged in the Superseding Indictment and

July 28, 2005
Page 4

        of any other matters relevant to the imposition of a fair and just sentence.

3. Prior to sentencing, the United States Attorney will, orally or in writing, move that, pursuant to §3E1.1 of the Sentencing Guidelines, the Court reduce the offense level by 3 levels for acceptance of responsibility, on the grounds that the offense level prior to application of §3E1.1 is 16 or greater, and LYNDA LORRAINE WOODS timely notified authorities of her intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

4. The United States Attorney will take any position she deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C. LYNDA LORRAINE WOODS and the United States Attorney further understand and agree to the following:

1. The penalty that may be imposed upon LYNDA LORRAINE WOODS is:

    (a) A term of imprisonment of not more than twenty (20) years;

    (b) A fine of $1,000,000;

    (c) A term of supervised release of three (3) years;

    (d) A special assessment under 18 U.S.C. §3013 of $100.

2. The parties stipulate that the type and quantity of controlled substance attributable to LYNDA LORRAINE WOODS in this case for the purposes of §2D1.11 of the Sentencing Guidelines is at least forty grams but less than seventy grams of pseudoephedrine. This stipulation includes all relevant conduct, under §1B1.3 of the Guidelines, and represents the parties' best understanding on the basis of the information available as of the date of this agreement. The stipulation is not binding upon the Court and does not preclude the parties from

July 28, 2005
Page 5

>   bringing to the attention of the United States Probation Office or the Court any information not within their knowledge at the time this agreement is executed.

3. This agreement does not preclude the government from pursuing any civil or administrative remedies against LYNDA LORRAINE WOODS or her property.

4. The parties agree that, although charges are to be dismissed pursuant to this agreement, LYNDA LORRAINE WOODS is not a prevailing party for the purpose of seeking attorney fees or other litigation expenses under Pub. L. No. 105-119, §617 (Nov. 26, 1997) (known as the Hyde Amendment). LYNDA LORRAINE WOODS waives any right to recover attorney fees or other litigation expenses under the Hyde Amendment.

This letter sets forth the full and complete terms and conditions of the agreement between LYNDA LORRAINE WOODS and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

*Mary Beth Buchanan*

MARY BETH BUCHANAN
United States Attorney

I have received this letter from my attorney, Thomas W. Patton, Assistant Federal Public Defender, have read it and discussed it with him, and I hereby accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

*Lynda Lorraine Woods*
LYNDA LORRAINE WOODS

8-8-05
Date

July 28, 2005
Page 6


Witnessed by:

_____
THOMAS W. PATTON, ASSISTANT
FEDERAL PUBLIC DEFENDER
Counsel for LYNDA LORRAINE WOODS