NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
———————————

No. 05-5244

———————————

UNITED STATES OF AMERICA,

v.

LYNDA LORRAINE WOODS,
*Appellant*

———————————

On Appeal from the United States District Court
for the Western District of Pennsylvania
( 04-cr-00054E)
District Court:  Hon. Sean J. McLaughlin
———————————

Submitted Under Third Circuit LAR 34.1(a)
April 23, 2007

Before:  McKEE and AMBRO, Circuit Judges, and ACKERMAN,[*] Senior District Judge

(Filed: October 24, 2007)

—————

OPINION
—————

McKEE, Circuit Judge.

———————————

[*] The Honorable Harold A. Ackerman, Senior District Judge, United States District Court for the District of New Jersey, sitting by designation.

1

Lynda Lorraine Woods appeals the district court's order denying her motion to suppress evidence found during the execution of a search warrant. Woods contends that the supporting affidavit contained conclusory statements and false information concerning the confidential informant's reliability. She further argues that the police failed to corroborate the informant's tip, and the reliability of the informant's information was therefore never established. For the reasons stated below, we will affirm the district court.

## I.

Since we write primarily for the parties who are familiar with the underlying facts and proceedings, we need only set forth those facts necessary for our brief discussion.

Woods maintains that the affidavit submitted to the Magistrate Judge to support the application for a search warrant included inaccurate statements concerning Roydes' reliability. Woods emphasizes that Roydes only testified as a witness in one case and he did not provide novel information in other cases. Therefore, according to Woods, Roydes cannot be considered a reliable "source" of information. Woods also argues that the police officers erred in accepting Roydes' information without independent corroboration.

As the district court's incisive and thorough analysis explains, reviewing Magistrate Judges need not engage in "hypertechnical" analysis of affidavits. *See Illinois v. Gates*, 462 U.S.213, 236-38 (1983). In *Gates*, the Court abandoned a two-pronged test, established in *Aguilar v. Texas*, 37 U.S.108 (1964), and *Spinelli v. U.S.*, 393 U.S. 410 (1969). That test required proof of the "veracity" and "basis of knowledge" of information that was used in an affidavit to obtain a search warrant. 462 U.S. at 227-228. Instead, the Court adopted a totality-of-the-circumstances test. *Id.* at 238. The Court held, "[t]he task of the issuing magistrate is

simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for ... conclud[ing] that probable cause existed." *Gates*, 462 U.S. at 238 (quoting *Jones v. United States*, 362 U.S. 257, 271 (1960)).

Based on the totality of the circumstances here, the Magistrate Judge correctly found probable cause for the issuance of a search warrant. Woods' argument to the contrary rests upon a hypertechnical analysis that has "no proper place in this area." *United States  v. Ventresca*, 380 U.S. 102, 108 (1965); *Gates*, 462 U.S. at 235. Although Officer Peterson's affidavit does contain inaccurate statements,  particularly concerning the number of "drug cases" involved, those statements do not undermine the reliability of the informant to the extent necessary to negate the finding of probable cause.

The Supreme Court has consistently stated that affidavits need not be entirely accurate. *See Franks v. Delaware*, 438 U.S. 154, 165 (1978); *Gates*, 462 U.S. at 235. Affidavits must, of course, be truthful. However,  "[t]his does not mean 'truthful' in the sense that every fact recited in the warrant affidavit is necessarily correct ... . But surely it is to be 'truthful' in the sense that the information put forth is believed or appropriately accepted by the affiant as true." *Id.*

Despite Woods' suggestions to the contrary, there is no evidence here that Officer Peterson, knowingly or deliberately, made false allegations or omissions in the affidavit, or that he did so with reckless disregard for the truth.  Rather, Officer Peterson asked other officers about Roydes'  credibility.  These officers verified that Roydes had testified at one trial, and that

3

testimony lead to the conviction of Fred Perry, a methamphetamine dealer.  Furthermore,

Peterson learned that Roydes  had provided additional information about other drug dealers.[1]

Accordingly, the officers Peterson asked believed Roydes was a credible informant about

methamphetamine.  Moreover, officers interviewed Roydes on three different occasions to assess

the accuracy of his information.

Woods also contests whether the averments in the affidavit actually support a finding of

probable cause.  In conducting our review, we must pay great deference to the Magistrate's initial

determination of probable cause. *Gates*, 462 U.S. at 236;  *U.S. v. Conley*, 4 F.3d 1200, 1205 (3d

Cir. 1993).  "[T]he traditional standard for review of an issuing magistrate's probable cause

determination has been that so long as the Magistrate had a 'substantial basis for ... conclud[ing]'

that a search would uncover evidence of wrongdoing, the Fourth Amendment requires no more."

*Gates*, 462 U.S. at 236 (quoting *Jones v. United States*, 362 U.S. 257, 271 (1960)).

The Magistrate Judge here correctly concluded that the police had probable cause to

search Woods' home.[2]  Roydes had extensive and intimate knowledge of Woods' illegal

activities. *See Gates*, 462 U.S. at 246 (accurate information about travel plans increases the

informant's credibility).  That information was not random, easily predicted or accessible to the

---

[1] Woods notes that the affidavit does not state that Roydes' testimony led to a criminal conviction.  However, a conviction is not necessary to find a informant reliable. "It is not necessary, moreover, that the informant's tips have led to convictions; a prior history of tips that result in arrests and in the securing of information and evidence can provide a sufficient basis for concluding that the information is reliable." *U.S. v. Marino*, 682 F.2d 449, 453 (3d Cir. 1982)(internal citations omitted).

[2] District Justice Fish provided at least one of the previous warrants to search Woods' property and police officers visited the property on three previous occasions, two of which were in connection with the production of methamphetamine.  However, the August 2004 seizures were not referenced in the affidavit.

4

general public. *Id.* Rather, it was based primarily on Roydes' first-hand observations of Woods

manufacture of methamphetamine in her home. One of the observations Roydes informed police

about occurred the day before the search was conducted; accordingly, it was not stale.

Courts accord great weight to such first-hand observations shortly before a search. *Gates*,

462 U.S. at 234. The probable cause was only strengthened by information that Lynda Woods'

husband was in jail for manufacturing methamphetamine.

Although we agree that police officers could have more carefully corroborated

information they received, given Roydes' history with the police, and the specificity of the

information he did provide, the absence of additional corroboration does not undermine the

finding of probable cause. At best, it goes to the reliability of the informant, and we have already

explained that the information was sufficiently reliable when viewed in context with the totality

of the circumstances. *Gates*, 462 U.S. at 241.

Corroboration is necessary "in the absence of a statement detailing the manner in which

the information was gathered." *U.S. v. Marino*, 682 F.2d 449, 453 (3d Cir. 1982) (quoting

*Spinelli v. U.S.*, 393 U.S. 410, 416 (1969)). Here, the evidence supporting the affidavit came

from a reliable informant who personally witnessed the illegal activity. Accordingly, Woods

overstates the need to corroborate. *See Marino*, 682 F.2d at 453.

**IV.**

For the reasons set forth above, we will affirm the district court's denial of Woods'

motion to suppress.[3]

---

[3] As we find that there was adequate probable cause to search Woods' home, we need not reach the arguments regarding the good faith exception. *U.S. v. Leon*, 468 U.S. 897 (1984).