*Dear Honorable Judge McLaughlin*

*No. 05-5244*
*CR04-54E*

Dear Judge McLaughlin:

I am writing to request your assistance in having my sentence adjusted to include

the two point reduction that I was qualified to receive at the time of my sentencing.

*For the safety value.*

The enclosed letter from my current attorney, Renee Pietropaolo, explains that

this adjustment should have been pursued at the time of sentencing.  My attorney

at that time, Tom Patton, agrees that he failed to advise me of this reduction and

did not request it at the time; he agrees with Ms. Pietropaolo that this was a

mistake on his part and that it can be pursued under ineffectiveness of counsel.


The enclosed letter enumerates all the criteria required for qualification; Ms.

Pietropaolo believes that I qualify now and was qualified at the time of sentencing

for all five of the criteria:

1.  I do not have a criminal history point over a one; thus the offense level
    could have been decreased by two levels.
2.  I did not use violence or possess a firearm.
3.  The offense did not result in death or injury to anyone.
4.  I was not a leader and there was no one else in my case.
5.  At the time I provided the courts with all information that I possessed.

Since I was never advised by my attorney of the potential of this adjustment and

because it would have made a significant difference in my sentence of eighty five

months, I would very much appreciate your assistance in having this 2 level adjust=

ment applied to my sentence.  I have now completed a direct appeal; that was denied

on *Oct 2007*.


Please advise me if you need any further information from me or if you require

my filing of a 2255 petition or if you are able to act on this letter.  I thank

you in advance for any assistance that you can offer.

*Sincerely Yours.*
*Lynda Woods.*
*# 20232-068*

**FILED**

MAR 1 8 2008

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVAN...

# FEDERAL PUBLIC DEFENDER
## WESTERN DISTRICT OF PENNSYLVANIA

LISA B. FREELAND
*Federal Public Defender*

MICHAEL J. NOVARA
*First Assistant Federal Public Defender*

W. PENN HACKNEY
*Senior Litigator*

1450 LIBERTY CENTER
1001 LIBERTY AVENUE
PITTSBURGH, PENNSYLVANIA 15222-3714
*phone:* (412) 644-6565
*fax:* (412) 644-4594
*website:* http://www.fpdpaw.org

LINDA E.J. COHN
JAY J. FINKELSTEIN
KAREN SIRIANNI GERLACH
THOMAS LIVINGSTON
THOMAS W. PATTON *
RENEE D. PIETROPAOLO
MARKÉTA SIMS
*Assistant Federal Public Defenders*

*\*Erie Branch Office*
*(814) 455-8089*

June 14, 2007

Lynda Lorraine Woods
Register No. 20232-068
Federal Prison Camp
 at Alderson
Glen Ray Road, Box A
Alderson, West Virginia  24910

Re:   United States of America
      v. Lynda Lorraine Woods
      Appeal No. 05-5244

Dear Ms. Woods:

I looked into your question about whether you qualified for safety valve.  The short answer is that I think it is possible you could have received the two-point reduction at sentencing.

You were at offense level 28 and Criminal History Category I with a guideline range of 78 to 97 months.  As required, you had not more than one criminal history point.  Under U.S.S.G. § 2D1.1 (7), if you met the following criteria set forth in subsections 1-5 of §5C1.2(a), the offense level could have been decreased by 2 levels:

(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines before application of subsection (b) of 4A1.3 (Departures Based on Inadequacy of Criminal History Category);

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and

Lynda Lorraine Woods
June 14, 2007
Page 2

> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

U.S.S.G., § 5C1.2, 18 U.S.C.A.

Subsection (5) may be a point of contention.

It is my opinion that this issue could not have been raised on direct appeal for two reasons, one of which is that you entered into a plea agreement waiving your right to take a direct appeal of the sentence. The limited exceptions to that waiver that were set forth in the plea agreement did not apply. In any event, now that the case has been fully briefed and submitted to the panel, I do not see any way of bringing this issue to the Third Circuit's attention.

Tom Patton and I have discussed this and believe that the only way of raising this issue is to file a 2255 petition - *after direct appeal has been completed* - raising ineffective assistance of counsel in failing to pursue this issue at sentencing. Although there could be an argument that this issue is precluded by the plea agreement waiver of collateral attacks, I do not believe that waiver is dispositive.

Please feel free to call me and we can discuss this further.

Very truly yours,

Renee Pietropaolo
Assistant Federal Public Defender

RP:lem