IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNYSLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 04 – 54 Erie |
| | ) | |
| LYNDA LORRAINE WOODS | ) | |

Defendant's Reply to Government's Response to Defendant's
Motion to Vacate, Set Aside or Correct Sentence

Defendant Lynda Woods, through her counsel, files her reply in support of her motion to vacate, set aside or correct sentence. For the following reasons, a hearing should be held on said motion.

1. It would be a miscarriage of justice to uphold Woods' alleged waiver of her right to file a habeas petition.

The government argues that defendant knowingly and voluntarily waived her right to file a habeas petition. [1] The Third Circuit, however, has strongly suggested that colorable inefficiency of counsel claims are, as a rule, sufficient to overcome a defendant's waiver of collateral attack. See United States v Shedrick, 493 F. 3d 292 (3d Cir. 2007); United States v Perez, 2007 U.S. Dist. Lexis 70335

---

[1] While not specifically titled a "habeas petition", defendant's pro se letter to the Court requesting a sentence reduction can arguably be considered a habeas petition, or, at a minimum, a motion to reconsider sentence. If necessary, counsel will submit a formal habeas petition raising the same issue on defendant's behalf.

(E.D. Pa. 2007) (noting that the Third Circuit in <u>Shedrick</u> strongly suggested that colorable inefficiency of counsel claims are, as a rule, sufficient to overcome a defendant's waiver of collateral attack); <u>Gonzalez v U.S.</u>, 2007 U.S. Dist. Lexis 61187 ( E.D. Pa. 2007) (noting that the Third Circuit held that a collateral attack waiver should not be enforced if a habeas petition has alleged potentially viable ineffective assistance of counsel claims, since refusing to consider and to remedy such claims, if true, could result in a miscarriage of justice).

In <u>Shedrick</u>, the Third Circuit held that enforcing a collateral-attack waiver where constitutionally deficient lawyering prevented a defendant from understanding his guilty plea or filing a direct appeal would result in a miscarriage of justice. The Third Circuit acknowledged that waivers of appeal and other collateral attacks, if entered into knowingly and voluntarily, are valid, unless they result in a miscarriage of justice. The Third Circuit noted that other Courts, including the Seventh Circuit, has specifically held that ineffective assistance of counsel qualifies as a miscarriage of justice sufficient to overcome a waiver-of–appeal provision. See <u>Shedrick</u>, 493 F. 3d at 298, n.6.  Thus, if Woods has a colorable ineffective assistance of counsel claim, it would be a miscarriage of justice to enforce the waiver.

Woods alleges that her counsel was ineffective for not seeking a two point reduction under the safety valve provision at sentencing. The Federal Public Defenders Office, in a letter dated June 14, 2007(and attached to defendant's letter to this Court), agrees that defendant could have received this two - point reduction at sentencing.

Therefore, the issue is whether it was ineffectiveness of counsel to not seek the safety valve reduction. Under <u>Strickland v Washington</u> , 466 U.S. 668, 687

(1984), defendant must show that her attorney's performance was deficient and that she was prejudiced by the deficiency. Woods has shown that her attorney's performance was deficient. It is clear that she was qualified for the safety-valve reduction, and that effective counsel should have known this. Second, there appears to be no strategic reason why counsel would not have sought such a reduction in her sentence. After all, the most important part of a criminal prosecution to a defendant is usually his or her sentence. Third, defendant claims that she was never advised of this potential adjustment, and thus had no opportunity to cooperate with the government. Therefore, defendant has made a threshold showing that her attorney's performance was deficient.

Defendant has also demonstrated that she was prejudiced by the deficiency. It is well established that the reasonable probability of any decrease in a defendant's sentence establishes prejudice under Strickland. See Glover v United States, 531 U.S. 198, 203-04 (2001); U.S. v. Smack, 347 F. 3d 533, 540 (3d Cr. 2003). Here, defendant's sentencing guidelines would have decreased from 78-97 months to 63-78 months, with a two point decrease. Coincidently, this is the exact amount of potential decrease in the sentencing guidelines that established prejudice, in Glover.

Thus, defendant has met the threshold two- part test of Strickland that her attorney's performance was deficient and that she was prejudiced by the deficiency. Thus, counsel's performance "fell below an objective standard of reasonableness", Strickland at 688, and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Because defendant does have a colorable ineffective assistance of counsel claim, she should not be bound by the waiver in her plea agreement. Defendant certainly did not sign the plea agreement knowing that her counsel would neglect to seek a possible one to two year reduction in her sentence. It would be a miscarriage of justice to allow the waiver to thwart her ineffective counsel claim.

2. <u>There must be a hearing on the issue of whether Woods would have met the fifth requirement of the safety valve reduction.</u>

The government concedes that Woods met four of the five requirements for the safety valve reduction. However, the government argues, without any evidence, that she would not have provided the government with all the information and evidence she had regarding the offense. The government seems to base their argument on the fact that defendant was "hostile" towards the government. Woods, however, would not be the first "hostile" defendant to suddenly turn "friendly" to the government when offered a sentence reduction. Moreover, defendant specifically alleges in her letter that she "was never advised by my attorney of the potential of this adjustment." Thus, since she did not have adequate legal advice concerning the potential benefits of cooperation with the government, it is pure speculation by the government as to whether she would have cooperated.

Finally, it would not have been the government's decision whether defendant's information was sufficient to qualify her for the safety valve reduction. U.S.S.G. 5C1.2(a)(5) specifically states that "the fact that the defendant has no relevant or useful other information to provide or that the government is already aware of the information shall not preclude a determination by the Court that the defendant has

complied with this requirement." Thus, it would have been up to the Court, not the government, as to whether defendant had supplied adequate information to qualify her for the safety valve reduction. Unfortunately, because of counsel's ineffectiveness, she never got the opportunity. At a minimum, a hearing is necessary to determine if defendant would have met with the government if she had been advised of the benefits of doing so.

### 3. Conclusion

For the above reason, defendant respectfully requests that the Court hold a hearing on this motion, and following the hearing, order that defendant be provided the opportunity to meet the fifth requirement of the safety valve reduction.

Respectfully submitted,

/s/ John J. Mead, Esquire
PA I.D. 39610
Renaissance Centre
1001 State Street
Suite 800
Erie, PA 16501
814-459-1726