IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 04-54 Erie |
| | ) | |
| LYNDA LORRAINE WOODS | ) | |

**GOVERNMENT'S MOTION FOR
DISCOVERY OF ATTORNEY-CLIENT RECORDS**

AND NOW comes the United States of America, by and through its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Christian A. Trabold, Assistant United States Attorney for said district, and states as follows.

1.   On March 24, 2008, Woods filed a pro se Motion to Vacate her sentence pursuant to 28 U.S.C. § 2255.  In her motion Woods alleges that her counsel, Assistant Federal Defender Thomas Patton, was ineffective when he failed to inform her of the availability of a two level reduction in offense level if she provided a safety valve proffer to the government.

2.   The government filed its response to Woods' Motion to Vacate on April 24, 2008.

3.   On  May 13, 2008, Attorney John Mead was appointed to represent Woods.

4.   Attorney Mead filed a reply to the government's response on May 29, 2008.

5.   On June 11, 2008, government counsel spoke to Attorney Patton briefly about Woods' Motion to Vacate.  During this conversation, Attorney Patton indicated that he was still in

possession of Woods' case file.  Government counsel then requested that he be allowed to review the contents of the file for any information pertaining to Woods' pending ineffectiveness claim.[1] That request was denied by Attorney Patton.

6.  Government counsel seeks to review Woods' case file for the sole purpose of discerning whether there is documentation refuting her allegations of ineffective assistance of counsel.

7.  In the alternative, the government seeks an in camera review by the Court of Woods' case file to determine if it contains any documentation which sheds light on her ineffectiveness claims.

WHEREFORE, the government respectfully requests that the Court grant the government's motion for discovery and allow government counsel to review the case file.  In the alternative, the government seeks an in camera review of the case file by the Court.

---

[1]

Such assistance from defense counsel is authorized, as a client waives attorney-client privilege with respect to the limited matters raised in a petition for relief under §2255 upon asserting his attorney was ineffective in his handling of those matters.  See Anderson v. Calderon, 232 F.3d 1053, 1100 (9th Cir. 2000)("when a petitioner in a habeas corpus action raises a Sixth Amendment claim of ineffective assistance of counsel, he waives the attorney-client privilege as to the matters challenged"); see also Tasby v. United States, 504 F.2d 332, 336 (8th Cir. 1974); Laughner v. United States, 373 F.2d 326, 327 (5th Cir. 1967).  Authorities recognize that the privilege is waived with regard to "all communications relevant" to the issue of counsel's adequacy.  8 J. Wigmore, Evidence § 2327 (McNaughton).

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney


s/Christian A. Trabold
CHRISTIAN A. TRABOLD
Assistant U.S. Attorney
PA ID No. 75013