IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V | ) | CRIMINAL No. 04 – 54 |
| | ) | |
| LYNDA LORRAINE WOODS | ) | |

Defendant's Brief Regarding Presumed Prejudice for
Failing to Seek a Safety Valve Reduction

Pursuant to the Court's order, defendant has researched the issue of whether prejudice is presumed when prior defense counsel fails to inform defendant of the possibility of a "safety valve" reduction in her sentencing.

The short answer is that defense counsel was unable to find any cases in which prejudice was automatically presumed in such cases. The leading case on presumed prejudice is United States v Cronic, 466 U.S. 648 (1984). The Supreme Court in Cronic recognized a narrow exception to the holding in Strickland v Washington, 466 U.S. 668 (1984). Strickland held that a defendant who asserts ineffective assistance of counsel must demonstrate not only that the attorney's performance was deficient, but also that the deficiency prejudiced the defense.

Cronic held that a Sixth Amendment violation may be found "without inquiring into counsel's actual performance or requiring the defendant to show the effect it had on trial when circumstances exist that are so likely to prejudice the defendant that the cost of litigating their effect in a particular case is unjustified." Cronic, 466 U.S. at 658. These circumstances include (1) complete denial of counsel; (2) where counsel is absent or prevented from assisting defendant during a critical stage of the proceeding; and (3) a breakdown in the adversarial process, such that the attorney entirely fails to subject the government's case to meaningful adversarial testimony. Id. See also Wright v Van Patten , 128 S. Ct. 743 (2008).

Here, the failure to inform defendant of her eligibility for a "safety valve" reduction would not automatically result in "presumed prejudice." Rather, the two-part test in Strickland must be followed. To establish deficient performance, defendant must demonstrate that her counsel's representation fell below an objective standard of reasonableness (here, the failure to inform defendant of the possible "safety valve" reduction). To demonstrate prejudice, defendant must show that there is a reasonable probability that, but for the attorney's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is sufficient to undermine confidence in the outcome. Strickland, 466 U.S. at 694. In other words, defendant must show a reasonable probability that, but for counsel's error, the result would have been different. Shelton v Carroll, 464 F.3d 423,438 (3d Cir. 2006).

The District Court in United States v Julbe, 2000 U.S. Dist. LEXIS 5703 (E.D. Pa.2000), addressed the exact situation that is present in this case. The petitioner in Julbe moved for habeas corpus relief on the basis that her attorney was ineffective

because he did not inform her of the opportunity to seek a safety valve reduction. The Court held in its Conclusions of Law:

`
1. Julbe was and remains eligible for application of the safety valve provision of Title 18, U.S.C. §3553.
2. In failing to advise Julbe of the safety valve, Julbe's counsel's performance fell below an objective standard of reasonableness.
3. In failing to advise Julbe of the safety valve, Julbe counsel's omissions fell outside the wide range of professionally competent assistance.
4. The Court cannot discern a tactical advantage sought by Julbe's counsel that would justify failing to advise Julbe of the safety valve.
5. The assistance provided to Julbe by her counsel was so deficient as to deny Julbe her Sixth Amendment right.
6. The Court is confident that Julbe's current sentence is not equivalent to that which she would have received had she been advised of the safety valve.
7. There is a reasonable probability that but for the ineffective assistance provided to Julbe by her counsel, the result of the proceedings would have been different.
8. Julbe was prejudiced by counsel's ineffectiveness.
9. Julbe has satisfied her burden to prevail on a claim of ineffective counsel under Strickland v Washington, 466 U.S. 668 (1984).

Julbe, 2000 U.S. Dist. LEXIS at 12-13.

Moreover, the Court noted that Julbe's initial refusal to cooperate and her dishonesty with the Government did not prevent her from receiving a safety valve reduction under the circumstances. Thus, the Court ordered her to be resentenced.

Here, defendant submits that she has established both prongs of the Strickland test. She is therefore entitled to have her sentence vacated, and to have the opportunity to meet with the government to provide information to meet the fifth requirement for the safety valve reduction. It is important to note, however, that U.S.S.G. 5C1.2 (a) (5) specifically states that "the fact that the defendant has no relevant or useful other information to provide or that the government is already aware of the information shall not preclude a determination by the Court that the defendant has

complied with this requirement ". Provided that she meets the fifth requirement, defendant is thereafter entitled to be resentenced pursuant to her revised sentencing guidelines, which would reflect the safety valve reduction.

        Respectfully submitted,

        /s/ John J. Mead, Esquire
        PA I.D. 39610
        Renaissance Centre
        1001 State Street
        Suite 800
        Erie, PA 16501
        814-459-1726

Case 1:04-cr-00054-SJM   Document 67   Filed 08/25/2008   Page 5 of 6

Case 1:04-cr-00054-SJM    Document 67    Filed 08/25/2008    Page 6 of 6