IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | Criminal No. 04-54 Erie |
| ) | |
| LYNDA LORRAINE WOODS  ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S**
**BRIEF ON THE ISSUE OF PRESUMED PREJUDICE**

AND NOW comes the United States of America, by its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Christian A. Trabold, Assistant United States Attorney for said district, and avers as follows:

The government agrees with defense counsel's assertion, pursuant to Cronic and its progeny, that "the failure to inform defendant of her eligibility for a 'safety valve' reduction would not automatically result in 'presumed prejudice'." (Woods brief, p. 2). This lack of presumed prejudice is fatal to Woods' claim because she cannot establish actual prejudice.

Woods' reliance on United States v. Julbe, 2000 WL 536651 (E.D. Pa. 2000) is misplaced for several reasons. First, unlike Woods, Julbe actually provided a proffer, albeit after sentencing, which provided some information to the police. This proffer demonstrated a willingness to meet with the government which Woods did not establish here. Second, Julbe provided a detailed proffer at her habeas hearing concerning her involvement in the crimes charged. Woods provided no such information at her habeas hearing.

As such, the Court has no ability whatsoever to assess the sufficiency of Woods' information in determining whether she would have qualified for the safety valve. This Court surely cannot surmise, with no supporting information at all, that Woods' proffer would have contained enough information to justify the application of the safety valve. Without such a record, Woods cannot, and did not, demonstrate that she was prejudiced by counsel's ineffectiveness. She has no way of showing, and indeed, did not even try to show, that her proffer would have been sufficient to obtain the safety valve reduction. Woods cannot prove that the outcome of her case, her sentence, would have been different because she has failed entirely to demonstrate that her proffer would have justified the application of the safety valve.

Wherefore, the government respectfully requests that her motion to vacate sentence be denied.

> Respectfully submitted,
>
> MARY BETH BUCHANAN
> United States Attorney
>
>  s/ Christian A. Trabold
> CHRISTIAN A. TRABOLD
> Assistant U.S. Attorney
> PA ID No. 75013